### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **SHEENA TROQUILLE** | * | **CIVIL ACTION NO.** |
| **V.** | * | **JUDGE** |
| **ALBERTSONS COMPANIES,** | * | **MAGISTRATE** |
| **INC. LOUISIANA** | * | **JURY DEMAND** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes SHEENA TROQUILLE, ("Plaintiff"), who respectfully represents the following:

### I.  JURISDICTION

1.      This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.* and in violation of laws of the State of Louisiana.

Jurisdiction is based on  42 U.S.C. Section 2000e-5(f)(3) and  28 U.S.C. Section 1331. Pursuant to 28 U.S.C. Section 1367, Plaintiff further invokes the supplemental jurisdiction for state law claims asserted herein.

### II.  PARTIES

2.      Plaintiff, SHEENA TROQUILLE, is an adult female and a resident of State of Louisiana currently residing in Pollock, Louisiana.

3.      Made Defendant in this action is :

ALBERTSONS    COMPANIES,    INC.  LOUISIANA,  ("Defendant"  or "Albertsons"), a foreign corporation organized under the laws of the United States of America,

who may be served through CT Corporation at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816.

4.      At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

5.      Defendant was Plaintiff's "employer" within the meaning of 42 U.S.C. Section 2000e  and applicable state law.

### III.  VENUE

6.      Venue lies in this Court as the unlawful employment practices and other actions made the basis of this suit occurred within the Western District of Louisiana.

### IV.  FACTUAL ALLEGATIONS

7.      Plaintiff Sheena Troquille, a White female, became employed with Defendant as a Produce Permade Employee in the Defendant's Alexandria Store located at 2265 S. MacArthur Drive, Alexandria, Louisiana, on or about January 1, 2010.

8.      On or about November 9, 2021, Joyce (last name unknown) ("Joyce"), a new Black female employee, was making very racist statements toward Plaintiff and the white race in general, stating "People in Deville are racist MF ers. Y'all smell like wet dogs."

9.      Plaintiff asked Joyce to clarify, and she said, "you, white people."

10.      Plaintiff reported these comments to Sara Stuart ("Ms. Stuart"), White female, Defendant's Store Manager.

11.      Maddison Volise ("Ms. Volise"), a Black female and Plaintiff's former co-worker, and Plaintiff meet with Adrienne George ("Ms. George"), a White female, Assistant Department Manager for Defendant, regarding the statements and actions of Joyce against Plaintiff and the white race in general.

12.     Plaintiff reported that she was being harassed, bullied and insulted as Joyce continuously complained regarding Plaintiff, because of her race, and/or the white race in general.

13.     On or about November 9, 2021, Plaintiff provided a written statement to Ms. Stuart and Robert Liles ("Mr. Liles"), a White male, Defendant's Department Manager, complaining about and opposing the racist statements made by Joyce.

14.     Plaintiff advised that she did not feel comfortable working with Joyce due to Joyce's constant racist language, and further reported, that she believed that Joyce was under the influence of illegal substances.

15.     Management accepted Plaintiff's statement, and advised they would send it to Human Resources but, then, surprisingly, Plaintiff was immediately directed back to work with Joyce, the exact person against whom she had filed a complaint of racial discrimination.

16.     Despite her reluctance to continue to work with Joyce and her dismay in the fact that Defendant was requiring her to do the same immediately following her complaints of race discrimination, Plaintiff  worked the remainder of the shift with Joyce. Never once did anyone in management check on the working situation or provide any additional supervision.

17.     Again on November 10, 2021, Plaintiff worked with Joyce and Ms. Volise and again neither Mr. Liles nor Ms.  Stuart checked on Plaintiff. To the best of Plaintiff's knowledge, Joyce was never called to the office and instructed to cease her discriminatory statements.

18.     By the end of Plaintiff's shift, Plaintiff had endured more racial insults about how white people "was lazy," and they "use preservatives" along with other similar derogatory language regarding Plaintiff and the white race in general.

19.     During this training time together, Joyce made additional unacceptable statements during conversations with Plaintiff, such as "oh you are gay." and "oh so you're a dope head too." Plaintiff continued to report the same to management, and management continued to allow the conduct to occur.

20.     Plaintiff felt unprotected by the company for whom she worked for eleven (11) years.

21.     At all times mentioned herein, Plaintiff had been an exemplary employee who had never been written up or given Defendant any reason  (i) to doubt the sincerity or reasonable basis for her belief that she was being discriminated against due to her race or (ii) to fail to prevent this discrimination or to promptly correct the same.

22.     Feeling unprotected by Defendant and still instructed to work with Joyce, Plaintiff determined that her working conditions had become so intolerable that no reasonable person could be expected to work in this environment. She sadly concluded that she must consider herself constructively discharged.

23.     On November 11, 2021, Plaintiff turned in her two-week resignation to three members of Defendant's management, Mr. Liles, Ms. LeAnn Penny, a White female, Assistant Store Manager, and Ms. Debbie Ortega ("Ms. Ortega"), a White female and the Bookkeeper.

24.     On December 3, 2021, Plaintiff spoke with Ms. Ortega, who advised that she had been instructed to hold off on processing the termination paperwork of Plaintiff.

25.     On January 3, 2022, Plaintiff was still listed as employee of Defendant and was unsure if Defendant intended on addressing her complaints or accepting the fact that she believed that she had been constructively discharged. She determined that she would give Defendant sufficient time to address her complaints and to call her to return to work.

26.     Hearing nothing from Defendant, on February 10, 2022, Plaintiff spoke with Steve Morgan with Equal Employment Opportunity Commission ("EEOC") and filed a Charge of Discrimination alleging racial discrimination.

27.     On February 23, 2022, the date that Defendant received notice of the EEOC Charge of racial discrimination, Plaintiff's employment was terminated in retaliation for her opposition to racial discrimination.

28.     On April 27, 2022, Plaintiff filed an Amended Charge with the EEOC alleging retaliatory termination of employment.

## V.  CAUSES OF ACTION

29.     The actions, conduct and procedures of Defendant complained of herein constitute purposeful discrimination against Plaintiff based upon her race and/or in retaliation for opposition to discrimination in violation of Title VII of the Civil Rights Act, as amended, codified under 42 U.S.C. 2000e and La. R.S. 23:301 *et. seq.*

30.     Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally protected rights.

31.     Plaintiff has no adequate remedy at law for the harm she has suffered because of the discriminatory and retaliatory practices of Defendant set forth herein.

32.     Because of the Defendant's actions, Plaintiff has been injured and has suffered or incurred damages and is entitled to recover statutory damages including compensatory damages, back pay, benefits, special damages, reinstatement/front pay and reasonable attorney fees resulting from the illegal conduct in addition punitive damages due her.

## VI.  ADMINISTRATIVE PREREQUISITES

33.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Louisiana Commission on Human Rights within 180 days of the discriminatory employment practices described in this Complaint and received a Notice of Suit Rights. This Complaint is timely filed, and all administrative prerequisites have been met.

## VII.  JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all matters permitted by law.

## VIII.  RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendant, as set forth above, for:

a.      An award of monetary damages for all claims, in an amount to be shown at trial;

b.      An award of damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life and consequential loses;

c.      An award for any and all legal and/or equitable relief, including attorney's fees and costs, to which she may be entitled and for all statutory (compensatory/punitive and liquidated) damages arising because of discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.* and other applicable state law.

d.      An award for interest on any awards, at the highest rate allowed by law, from the date of judicial demand until the date paid;

e.      For trial by jury for those matters triable to a jury; and

f.      Such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By:____/s/ Allison A. Jones_____
ATTORNEYS FOR PLAINTIFF

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SHENNA TROQUILLE | * | CIVIL ACTION NO. |
| V. | * | JUDGE |
| ALBERTSONS COMPANIES, | * | MAGISTRATE |
| INC. LOUISIANA | * | JURY DEMAND |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared **SHENNA TROQUILLE**, who did depose and state that he is the Plaintiff in the foregoing Complaint, that he has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
SHENNA TROQUILLE

SWORN TO AND SUBSCRIBED before me, Notary Public, this _31st_ day of May, 2022.

_____
NOTARY PUBLIC  #18257